Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTO ARCHIVE LLC, a New York Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MH SUB I, LLC, a Delaware Limited Liability Company, individually and d/b/a "Inhabitat.com"; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

OTTO ARCHIVE LLC, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff OTTO ARCHIVE, LLC ("OTTO" or "Plaintiff") is a New York limited liability company, with its primary place of business located at 793 Broadway, 2nd Floor, New York, NY 10003. OTTO is a premier photographic syndication agency that provides images of architecture and interior design created by internationally renowned photographers to communication, media, and design businesses. OTTO exclusively administers the rights in and to the copyrights at issue in this action.

5. Upon information and belief, Plaintiff alleges that Defendant MH SUB I, LLC ("MH"), is a Delaware limited liability company with a principal place of business located at 909 N. Pacific Coast Highway, Floor 11, El Segundo, CA 90245, and is the owner of the website https://inhabitat.com/.

6. Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants DOES 1 through 10 by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, Plaintiff alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS 1-29

8. MICHAEL MORAN ("MORAN") is a professional photographer who owns thirty original photographs which were registered with the United States Copyright Office on September 24, 2020 under U.S. Copyright Reg. No. VA 2-219-989 (collectively, "Subject Photographs 1-29").

9. True and accurate copies of Subject Photographs 1-30 are set forth in **Exhibit A**.

10. For all times relevant to this action, MORAN has appointed Plaintiff as his exclusive administrator and publisher of all copyrights in and to Subject Photographs 1-29. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement pursuant to 17 U.S.C § 501(b).

11. Upon information and belief, Plaintiff alleges that following the publication and display of Subject Photographs 1-29, Defendants, and each of them, used Subject Photographs 1-29 for commercial purposes without Plaintiff's authorization or consent, including using Subject Photographs 1-29 on websites such as https://inhabitat.com/.

12. True and accurate copies of screen captures of Defendants' unauthorized uses of Subject Photographs 1-29 on https://inhabitat.com/ are set forth in **Exhibit A**.

**CLAIMS RELATED TO SUBJECT PHOTOGRAPHS 30-42**

13. SCOTT FRANCES ("FRANCES") is a professional photographer who owns thirteen original photographs which were registered with the United States Copyright Office on June 24, 2020 and September 22, 2020 under U.S. Copyright Reg. Nos. VA 2-211-196 and VA 2-219-276, respectively (collectively, "Subject Photographs 30-42").

14. True and accurate copies of Subject Photographs 30-42 are set forth in **Exhibit A**.

15. For all times relevant to this action, FRANCES has appointed Plaintiff as his exclusive administrator and publisher of all copyrights in and to Subject Photographs 30-42. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement pursuant to 17 U.S.C § 501(b).

16. Upon information and belief, Plaintiff alleges that following the publication and display of Subject Photographs 30-42, Defendants, and each of them, used Subject Photographs 30-42 for commercial purposes without Plaintiff's authorization or consent, including using Subject Photographs 30-42 on websites such as https://inhabitat.com/.

17. True and accurate copies of screen captures of Defendants' unauthorized uses of Subject Photographs 30-42 on https://inhabitat.com/ are set forth in **Exhibit A**.

**CLAIMS RELATED TO SUBJECT PHOTOGRAPHS 43-96**

18. MARK BRADLEY FEINKNOPF ("FEINKNOPF") is a professional photographer who owns fifty-four original photographs which were registered with the United States Copyright Office on November 30, 2016; January 30, 2018; and February 2, 2018 under U.S. Copyright Reg. Nos. VAu 1-315-752, VAu 1-315-748, VAu 1-271-164, and VAu 1-315-751, respectively (collectively, "Subject Photographs 43-96").

19. True and accurate copies of Subject Photographs 43-96 are set forth in **Exhibit A**.

20. For all times relevant to this action, FEINKNOPF has appointed Plaintiff as his exclusive administrator and publisher of all copyrights in and to Subject Photographs 43-96. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement pursuant to 17 U.S.C § 501(b).

21. Upon information and belief, Plaintiff alleges that following the publication and display of Subject Photographs 43-96, Defendants, and each of them, used Subject Photographs 43-96 for commercial purposes without Plaintiff's authorization or consent, including using Subject Photographs 43-96 on websites such as https://inhabitat.com/.

22. True and accurate copies of screen captures of Defendants' unauthorized uses of Subject Photographs 43-96 on https://inhabitat.com/ are set forth in **Exhibit A**.

23. On February 11, 2021, Plaintiff sent MH a letter demanding that MH cease and desist from its unauthorized exploitation of certain of Subject Photographs 1-29, Subject Photographs 30-42, and Subject Photographs 43-96 (altogether, the "Subject Photographs"). MH failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

24. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

25. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Photographs, including by viewing the Subject Photographs through MORAN'S, FRANCES', FEINKNOPF'S, and/or Plaintiff's

websites, social media accounts, exhibitions, or profiles; Internet search engines; and/or third-party websites (e.g., Tumblr, Pinterest, etc.).

26. Upon information and belief, Plaintiff alleges that Defendants, and each of them, displayed, published, reproduced, distributed, advertised, and/or otherwise used images of the Subject Photographs, including by exploiting the Subject Photographs in multiple website posts, without Plaintiff's authorization or consent.

27. Due to Defendants', and each of their, acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photographs in an amount to be established at trial.

29. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants, as well as anyone working in concert with them, be enjoined from importing, manufacturing, distributing, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyrights in and to the Subject Photographs, including an order enjoining Defendants from displaying, publishing, or reproducing the Subject Photographs on https://inhabitat.com/ and requiring that Defendants

remove the Subject Photographs from any marketing or advertising materials associated or affiliated with https://inhabitat.com/;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 *et seq.*;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 21, 2021

DONIGER/BURROUGHS

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*